February 24, 2021

Catherine O'Hagan Wolfe
Clerk of Court
U.S. Court of Appeals for the Second Circuit

      Re:   Labor Council for Latin American Advancement et al. v.
             EPA, No. 19-1042(L), Petitioners' Response to Respondents'
             Rule 28(j) Letter

Dear Ms. Wolfe:

     Under Federal Rule of Appellate Procedure 28(j), Petitioners Labor
Council for Latin American Advancement et al. respond to EPA's letter
informing the Court that, last June, EPA finalized a risk evaluation
finding that commercial uses of methylene chloride paint strippers
present unreasonable risk. EPA argues that this risk evaluation justifies
EPA's decision to exclude those uses from a March 2019 rule banning
methylene chloride paint strippers and prevents Petitioners from
challenging that exclusion in this proceeding. As explained in Petitioners'
reply brief, both claims are meritless.

     Critically, EPA's risk evaluation does not contain new information
on the risks from commercial use of methylene chloride paint strippers.
Instead, EPA evaluated those uses based on analyses from its 2014
methylene chloride risk assessment, which EPA excerpted, verbatim, in
a risk evaluation appendix. *See* LCLAA Reply Br. at 3–4. EPA's
conclusion that the risk evaluation supports a finding of unreasonable
risk concedes that the 2014 risk assessment does as well, refuting
EPA's claim that it lacked sufficient information in its March 2019 rule.
*See* EPA Br. at 26–27, 46–54.

     EPA's decision to exclude commercial uses from that rule despite
their unreasonable risks is final agency action, notwithstanding EPA's
plan to begin a new, multi-year rulemaking process based on its risk
evaluation. LCLAA Reply Br. at 6–19. By the time EPA completes that
rulemaking—up to three years from now—tens of thousands of workers
and bystanders will have already been exposed to a deadly chemical

because of the challenged exclusion. LCLAA Br. at 22, 48–50. Far from "doing precisely what Petitioners ask the Court to order," an unnecessary, second rulemaking locks in the harmful delay that Petitioners commenced this suit to avoid. EPA Ltr. at 2. The Court should instead remand the MC Rule and order EPA to immediately finalize the commercial use regulations that TSCA requires based on the 2014 risk assessment.[1]

Respectfully submitted,

s/ Jonathan Kalmuss-Katz
Jonathan Kalmuss-Katz
Eve C. Gartner
Earthjustice
48 Wall Street, 15th Floor
New York, NY 10005
(212) 823-4989
jkalmusskatz@earthjustice.org
egartner@earthjustice.org
*Counsel for Petitioner Labor Council for Latin American Advancement*

s/ Thomas Zimpleman
Thomas Zimpleman
Natural Resources Defense Council
1152 15th Street N.W., Suite 300
Washington, DC 20005
(202) 513-6244
tzimpleman@nrdc.org
*Counsel for Petitioner Natural Resources Defense Council*

s/ Robert M. Sussman
Robert M. Sussman
Sussman & Associates

---

[1] EPA's withdrawal of its proposed commercial use ban, *see* EPA Ltr. at 2, does not affect this Court's ability to remand the MC Rule for further consideration.

2

3101 Garfield Street N.W.
Washington, DC 20008
(202) 716-0118
bobsussman1@comcast.net
*Counsel for Petitioners Vermont*
*Public Interest Research Group, Safer*
*Chemicals Healthy Families, Wendy*
*Hartley, and Lauren Atkins*